25th JUDICIAL DISTRICT COURT FOR THE PARISH OF PLAQUEMINES

STATE OF LOUISIANA

CASE NO. 66069                              DIVISION ___A___

CECELE ALEXIS and GLEASON ALEXIS

VERSUS

HILCORP ENERGY COMPANY and HOT ENERGY SERVICES, INC.

FILED:_____          _____
                                      DEPUTY CLERK

Fax FILED

MAY 26 2020
_____
DEPUTY CLERK

## PETITION FOR DAMAGES AND INJUNCTIVE RELIEF

NOW INTO COURT, through undersigned counsel, come plaintiffs Cecele and Gleason Alexis, both of the full age of majority, who bring this suit for damage to an oyster lease caused by Hilcorp Energy Company and Hot Energy Services' unauthorized and illegal crossing and dredging. In support thereof, Plaintiffs respectfully aver as follows:

1.

Plaintiff Cecele Alexis is a person of the full age of majority who lives in Port Sulphur, Plaquemines Parish, Louisiana. Cecele Alexis owns State Oyster Lease No. 3190411 (494 acres) in the navigable waterbody of Lake Grand Ecaille in Plaquemines Parish.

2.

Plaintiff Gleason Alexis is a person of the full age of majority who lives in Port Sulphur, Plaquemines Parish, Louisiana. Gleason Alexis is Cecele Alexis' son. Gleason Alexis constructed, maintains, and farms oyster beds on the aforementioned leases in the navigable waterbody of Lake Grand Ecaille in Plaquemines Parish.

3.

Defendant Hilcorp Energy Company ("Hilcorp") is a foreign corporation licensed to do and doing business within the State of Louisiana and in Plaquemines Parish. Hilcorp is a private, multi-billion-dollar company that states that it is currently the largest oil and gas

**EXHIBIT A**

May 26, 2020 12:53PM    Waltzer Wiygul & Garside LLC                    No.9262    P. 4

producer in Louisiana. Hilcorp is responsible for permitting, managing, and overseeing its oil-and-gas exploration and production projects and for the conduct of its contractors, over whom it exercised supervision and/or control.

4.

Defendant, Hot Energy Services, Inc., is a Louisiana corporation licensed to do and doing business within the State of Louisiana and in Plaquemines Parish. Hot Energy Services owned and, upon information and belief, operated of the tugboat *MISS LUCY* for the benefit of Hilcorp at the time of the incidents described herein.

Jurisdiction and venue are proper within this court because the nexus of damage was caused by Defendants' traditional maritime activity in Plaquemines Parish, Louisiana. Specifically, Defendants' conduct gives rise to causes of action under both general maritime law and causes of action arising under Louisiana law. Plaintiffs herein invoke the general maritime law of the United States, through the savings to suitor's clause, 28 U.S.C. § 1333.

5.

Hilcorp purchased the right to extract minerals from State Lease 2028 #011 Well (the "Well"), an oil well located on navigable waters in the Lake Washington Field, in Plaquemines Parish.

6.

During the week of June 2, 2019, Hilcorp engaged the *MISS LUCY* to push a barge to service the SL2028 #011 Well (serial # 157033). The *MISS LUCY* accessed the well utilizing a route on a shallow pipeline canal and upon leaving the pipeline canal, crossed the northern portion of Oyster Lease # 3190411, belonging to Mrs. Alexis. There was no work permit nor Coastal Use Permit (CUP) filed by Hilcorp for this activity.

7.

The *MISS LUCY* had a reported draft of 5 feet, which would not include the depth of the propeller. Hilcorp knew that its route ran across Plaintiffs' oyster lease and that the waters were too shallow for the types of vessels it chartered and/or leased.

8.

According to vessel tracking data for the *MISS LUCY*, the project began on June 2, 2019. The activity lasted until on or about June 6, 2019, when the *MISS LUCY* departed the well and

2

began its return to port.

9.

Throughout the course of the Project, Hilcorp and Hot Energy Services physically cut through Plaintiffs' lease. The softened sediment churned up by prop washing spread onto the lease, creating a soft layer that could suffocate the existing oyster beds. By softening the water bottom, Hilcorp rendered areas not covered by beds less fit to support new oyster growth. The damage Hilcorp and Hot Energy Service's vessel caused to the lease's water bottoms reduced the economic value of the lease to Plaintiffs, likely destroyed emergent oyster crop, and made it more difficult and costly to seed and harvest new oysters on affected areas of the lease.

10.

Hilcorp's misconduct in this case is not isolated. Hilcorp has prop washed on Plaintiffs' leases at least three times previously, in 2012, 2013 and 2016, without notice or Ms. Alexis' consent. In addition, Hilcorp has been cited repeatedly by the Louisiana Department of Natural Resources for failing to seek a Coastal Use Permit prior to dredging activities in coastal Louisiana waters.

11.

Gleason Alexis has worked very hard and spent large amounts of money over many years to construct oyster reefs on Cecele Alexis' leases. The area was re-cultched in the years preceding the incident. Gleason harvests oysters as a means of providing income and sustenance for himself and his family.

12.

As a result of Hilcorp and Hot Energy Services' illegal actions, Cecele Alexis and Gleason Alexis have suffered past, present, and future damage to property, lost income, diminished value, and mental anguish, as well as the cost to repair the physical damage caused by Defendants.

13.

Defendants are liable to Plaintiffs for the injuries Plaintiffs sustained under La. Civil Code Articles 667-69 and 2315 for the following reasons:

    A. Defendants trespassed in bad faith on Plaintiffs' property, requiring Defendants to disgorge the benefits they received from the project;

    B. Defendants knowingly and intentionally damaged Plaintiffs' property;

3

C. Defendants negligently damaged Plaintiffs' property or otherwise failed to use reasonable care to avoid harm to Plaintiffs, including but not limited to:

   a. failing to use vessels with sufficiently shallow drafts as to avoid prop washing and disturbing the water bottom,

   b. failing to utilize previously established access routes to the worksite.

D. Defendants failed to notify regulators or Plaintiffs regarding the Project, causing Plaintiffs mental anguish;

E. Defendants unjustly enriched themselves to Plaintiffs' detriment;

F. Defendants failed to compensate Plaintiffs for the harms they caused, as required by Louisiana law; and

G. Any other acts of negligence and strict liability revealed in discovery or shown at the time of trial in this matter to violate Louisiana law.

14.

Lake Grand Ecaille, in which the events at issue in this suit occurred, is a navigable waterway in that it is susceptible for use in its natural and ordinary state as a highway for waterborne commerce. Lake Grand Ecaille was in regular use for commerce by energy companies, including Hilcorp, and received and was capable of receiving regular commercial vessel traffic, and by commercial fishers, including Plaintiff Gleason Alexis. Vessels may travel from Lake Grand Ecaille into Barataria Bay and the Gulf of Mexico.

15.

The incident itself, involving dredging on an oyster lease for purposes of creating access for vessels, bears a connection to traditional maritime activity. Defendants' misconduct also impeded waterborne commerce undertaken by the Alexis family, oyster harvesting.

16.

Defendants are liable to Plaintiffs for the injuries Plaintiffs sustained under the General Maritime Law of the United States, for the following reasons:

A. Defendants trespassed in bad faith on Plaintiffs' property;

B. Defendants intentionally damaged Plaintiffs' property;

C. Defendants negligently harmed Plaintiffs by:

4

May. 26. 2020 12:53PM    Waltzer Wiygul & Garside LLC                    No. 9262    P. 7

    a.   using vessels with sufficiently shallow drafts as to avoid prop washing and disturbing water bottom,

    b.   failure to utilize previously established access routes to the worksite.

D.   Defendants failed to properly notify the State of their intention to access and perform work on the well, failed to notify the Department of Wildlife and Fisheries of the oyster leases proximate to the work and access route and failed to obtain the proper permits and clearances to access and perform the work on the well;

E.   Defendants have failed to restore the damage they caused to portions of the leases and/or to compensate for the damage caused to the leases;

F.   Defendants unjustly enriched themselves to Plaintiffs' detriment and otherwise are liable to Plaintiffs in restitution;

G.   Defendants violated their constructive trust obligations to Plaintiffs;

H.   Any other acts of negligence and strict liability revealed in discovery or shown at the time of trial in this matter to violate General Maritime law.

17.

Because Hilcorp's past practice demonstrates that the Defendant is likely to repeat its past misconduct on the Leases absent intervention by this Court, Plaintiff is entitled to an injunction restraining Hilcorp from prop washing on Plaintiffs' lease without first receiving the authorization from state and federal agencies required by law and without first providing them with the notice required by law. Failing to provide notice results in Plaintiffs being unable to obtain for themselves a pre-assessment of their lease prior to sustaining damage. This result, and the damage to the property, causes irreparable damage to Plaintiffs.

18.

Plaintiff Cecele Alexis alleges that at all pertinent times she was exercising all due care and reasonable actions for the maintenance of her lease, including that she marked all relevant boundaries of her lease. Because of the lack of notice and permitting and Defendants' failure to comply with the law, Ms. Alexis was unaware of the damage to leases until the work done by Defendants was completed.

5

## PRAYER

WHEREFORE, Plaintiffs Cecele Alexis and Gleason Alexis pray that Defendants Hilcorp Energy Company and Hot Energy Services be cited and served with a copy of this Petition, and be required to answer same, all in accordance with the law; that after due delays and proceedings had, there be judgment in favor of Plaintiffs, and against Defendants, in an amount which adequately compensates Plaintiffs as set forth above, which requires Defendants to disgorge their illegal benefit, and with legal interest from the date of judicial demand, and for all costs of these proceedings. Plaintiffs also pray that the Court issue an injunction, restraining Defendants from further prop washing without legal authorization on Cecele Alexis' lease and without first providing Plaintiffs with reasonable notice of same.

Respectfully submitted,

WALTZER WIYGUL & GARSIDE, LLC

Clay Garside, Bar No. 29873
Cornelia C. Norman, Bar No. 01507
14399 Chef Menteur Highway, Ste D
New Orleans, LA 70129
Telephone: (504) 254-4400
Fax: (504) 254-1112
Clay@wwglaw.com
Cathy@wwglaw.com
*Attorneys for Plaintiffs*

SERVICE TO BE WITHHELD AT THIS TIME
PLAINTIFFS WILL REQUEST SERVICE WITHIN THE DELAYS ALLOWED BY LAW.

6

## APPENDIX 9.6
## LOUISIANA CIVIL CASE REPORTING
### Civil Case Cover Sheet - LA. R.S. 13:4688, Part G, §13 of the Louisiana Supreme Court General Administrative Rules, and Appendix 9.6 of the Louisiana District Court Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

**Suit Caption:**

CECELE ALEXIS and GLEASON ALEXIS  VS.  HILCORP ENERGY COMPANY and HOT ENERGY SERVICES, INC.

**Court:** 25th Judicial District Court          **Docket Number:** 66-069 DivA

**Parish of Filing:** Plaquemines          **Filing Date:** 05/26/2020

**Name of Lead Petitioner's Attorney:** Clay Garside and Cornelia C. Norman

**Name of Self-Represented Litigant:** _____

**Number of named petitioners:** 2          **Number of named defendants:** 2

**Type of Lawsuit: Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):**

- __ Auto: Personal Injury
- __ Auto: Wrongful Death
- __ Asbestos: Property Damage
- __ Product Liability
- __ Intentional Bodily Injury
- __ Intentional Wrongful Death
- __ Business Tort
- __ Defamation
- __ Environmental Tort
- __ Intellectual Property
- __ Legal Malpractice
- __ Other Professional Malpractice
- _x_ Maritime
- __ Wrongful Death
- _x_ General Negligence

- __ Auto: Property Damage
- __ Auto: Uninsured Motorist
- __ Asbestos: Personal Injury/Death
- __ Premise Liability
- _x_ Intentional Property Damage
- __ Unfair Business Practice
- __ Fraud
- __ Professional Negligence
- __ Medical Malpractice
- __ Toxic Tort
- __ Other Tort (describe below)
- __ Redhibition
- __ Class action (nature of case)

**Please briefly describe the nature of the litigation in one sentence of additional detail:**
Suit for damage to oyster lease by oil and gas companies.

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name __Clay Garside__          Signature _____

Address 14399 Chef Menteur Highway, Ste. D, New Orleans, LA 70129

Phone number: 504-254-4400          E-mail address: clay@wwglaw.com

**Case Number: 00066069 Transaction Date: 5/26/2020 Seq: 38 Page Sequence: 7**

# WaltzerWiygulGarside
## LAW FIRM

**WITH OFFICES LOCATED IN**

Gretna, LA
Ocean Springs, MS

Clay Garside – clay@wwglaw.com
Cheryl L. Wild-Don de'Ville –cheryl@wwglaw.com
Samantha Nguyen – samantha@wwglaw.com

## FACSIMILE COVER SHEET

TO:     Clerk of Court – 25th JDC – Plaquemines Parish

FAX #: 504-297-5195  934·6629

RE:     Cecele Alexis and Gleason Alexis vs Hilcorp Energy Company, et al
        New Petition For Damages and Injunctive Relief

FROM: Clay Garside                          DATE: 05/26/2020

TOTAL PAGES: __8__ including cover page     TIME: 12:10 pm

..................................................................................................................................
### SPECIAL MESSAGES:

Please file the attached Petition For Damages and Injunctive Relive into the court's record and fax the filing confirmation to the undersigned at 504-254-1112. Thank you for your assistance and attention in this matter.

..................................................................................................................................

IF A PROBLEM IS ENCOUNTERED WITH A COPY OF THIS TRANSMISSION, PLEASE CALL SAMANTHA (504) 254-4400.

This facsimile contains privileged and confidential information intended only for the use of the individual or entity named above. If the reader of the facsimile is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.

14399 Chef Menteur Hwy. Suite D  |  New Orleans, LA 70129  |  p 504.254.4400  |  f 504.254.1112

**Case Number: 00066069 Transaction Date: 5/26/2020 Seq: 34 Page Sequence: 1**

## FACSIMILE RECEIPT CERTIFICATE



*ALEXIS ET AL, CECELE*

*Versus*

*HILCORP ENERGY CO ET AL*

*Case:* **00066069**
*Division: A*
*25th Judicial District Court*
*Parish of Plaquemines*
*State of Louisiana*

TO:  *CLAY GARSIDE*
*WALTZER WIYGUL & GARSIDE LLC*
*14399 CHEF MENTEUR HWY SUITE D*
*NEW ORLEANS, LA 70129*

*VIA FAX: 504 254 1112*

THIS IS TO CERTIFY *that a Petition was transmitted by facsimile from your office to the*

*Plaquemines Parish Clerk of Courts fax line 504-934-6629 and 8 total pages were received and*

*marked filed on May 26, 2020 in the above captioned matter.*

*Thus done and signed at Belle Chasse, Plaquemines Parish, Louisiana, on Tuesday, May 26,*

*2020.*

*Becky N. Kalisyski*

*Deputy Clerk of Court for*
*Kim Turlich-Vaughan, Clerk of Court*
*P.O. Box 40*
*Belle Chasse, LA 70037*

*Louisiana R.S. 13:850.Facsimile transmission; filings in civil actions; fees; equipment and supplies*

*A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.*

*B. **Within seven days**, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:*

*(1) The original signed document.*

*(2) The applicable filing fee, if any.*

*(3) A transmission fee of five dollars.*

*C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.*

*REMIT $300.00*

TX Result Report

P    1
05/27/2018 18:20
Serial No.    AA6R011004531
TC:    91082

| Addressee | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 92541112 | 05-27 18:19 | 00:00:45 | 001/001 | OK | |

Note    TMR:Timer TX, POL:Polling, ORG:Original Size Setting, FME:Frame Erase TX,
DPG:Page Separation TX, MIX:Mixed Original TX, CALL:Manual TX, CSRC:CSRC,
FWD:Forward, PC:PC-FAX, BND:Double-Sided Binding Direction, SP:Special Original,
FCODE:F-Code, RTX:Re-TX, RLY:Relay, MBX:Confidential, BUL:Bulletin, SIP:SIP Fax,
IPADR:IP Address Fax, I-FAX:Internet Fax

Result    OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
TEL: RX from TEL, NG: Other Error, Cont: Continue, No Ans: No Answer,
Refuse: Receipt Refused, Busy: Busy, M-Full:Memory Full, LOVR:Receiving length Over,
DOVR:Receiving page Over, FIL:File Error, Dc:Decode Error, MDN:MDN Response Error,
DSN:DSN Response Error, PRINT:Compulsory Memory Document Print,
DEL:Compulsory Memory Document Delete, SEND:Compulsory Memory Document Send.

## FACSIMILE RECEIPT CERTIFICATE

**ALEXIS ET AL, CECELE**

*Versus*

**HILCORP ENERGY CO ET AL**



*Case:* 00066069
*Division: A*
**25th Judicial District Court**
**Parish of Plaquemines**
**State of Louisiana**

TO:  CLAY GARSIDE
   WALTZER WIYGUL & GARSIDE LLC
   14399 CHEF MENTEUR HWY SUITE D
   NEW ORLEANS, LA 70129

VIA FAX: 504 254 1112

THIS IS TO CERTIFY that a Petition was transmitted by facsimile from your office to the

Plaquemines Parish Clerk of Courts fax line 504-934-6629 and 8 total pages were received and

marked filed on May 26, 2020 in the above captioned matter.

Thus done and signed at Belle Chasse, Plaquemines Parish, Louisiana, on Tuesday, May 26,

2020.

*Becky N. Kaligyski*

*Deputy Clerk of Court for*
*Kim Turlich-Vaughan, Clerk of Court*
*P.O. Box 40*
*Belle Chasse, LA 70037*

*Louisiana R.S. 13:850.Facsimile transmission; filings in civil actions; fees; equipment and supplies*

*A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.*

*B. Within seven days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:*

*(1) The original signed document.*

*(2) The applicable filing fee, if any.*

*(3) A transmission fee of five dollars.*

*C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.*

**REMIT $300.00**

[ FILED COPY ]

Case 2:20-cv-02289-BWA-KWR   Document 1-2   Filed 08/18/20   Page 11 of 38

STATEMENT

# Clerk of Court - Plaquemines Parish

**Kim Turlich-Vaughan**
**Clerk of Court**

25th Judicial District

301 Main Street
P.O. Box 40
Belle Chasse, LA 70037
Phone : (504) 934-6610

| Statement Date | Case Number | Amount Due |
|---|---|---|
| 05/29/2020 | 00066069 - Division A | $135.00 |

**Attorney Firm :** WALTZER WIYGUL & GARSIDE LLC
**Attorney Name :** GARSIDE, CLAY

**IN RE :**

ALEXIS ET AL, CECELE
VS.
HILCORP ENERGY CO ET AL

**Party :** Plaintiff - ALEXIS ET AL, CECELE

| Date | Description | Amount |
|---|---|---|
| 05/29/2020 | **Court costs to date in above entitled numbered matter** | $135.00 |
| | **Refunds Paid** | $0.00 |
| | **Advance Deposit** | $0.00 |
| | **Balance** | **$135.00** |
| | **Advance Deposit Required** | $0.00 |
| | **Total Due** | **$135.00** |

WALTZER WIYGUL & GARSIDE LLC
14399 CHEF MENTEUR HWY SUITE D
NEW ORLEANS, LA 70129

**Case Number: 00066069 Transaction Date: 5/29/2020 Seq: 32 Page Sequence: 1**

25th JUDICIAL DISTRICT COURT FOR THE PARISH OF PLAQUEMINES

STATE OF LOUISIANA

CASE NO. 66069                                      DIVISION " A "

CECELE ALEXIS and GLEASON ALEXIS

VERSUS

HILCORP ENERGY COMPANY and HOT ENERGY SERVICES, INC.

**FILED**

JUN -2 2020

FILED: _____     _____

                                    **DEPUTY CLERK**

## PETITION FOR DAMAGES AND INJUNCTIVE RELIEF

NOW INTO COURT, through undersigned counsel, come plaintiffs Cecele and Gleason Alexis, both of the full age of majority, who bring this suit for damage to an oyster lease caused by Hilcorp Energy Company and Hot Energy Services' unauthorized and illegal crossing and dredging. In support thereof, Plaintiffs respectfully aver as follows:

1.

Plaintiff Cecele Alexis is a person of the full age of majority who lives in Port Sulphur, Plaquemines Parish, Louisiana. Cecele Alexis owns State Oyster Lease No. 3190411 (494 acres) in the navigable waterbody of Lake Grand Ecaille in Plaquemines Parish.

2.

Plaintiff Gleason Alexis is a person of the full age of majority who lives in Port Sulphur, Plaquemines Parish, Louisiana. Gleason Alexis is Cecele Alexis' son. Gleason Alexis constructed, maintains, and farms oyster beds on the aforementioned leases in the navigable waterbody of Lake Grand Ecaille in Plaquemines Parish.

3.

Defendant Hilcorp Energy Company ("Hilcorp") is a foreign corporation licensed to do and doing business within the State of Louisiana and in Plaquemines Parish. Hilcorp is a private, multi-billion-dollar company that states that it is currently the largest oil and gas

producer in Louisiana. Hilcorp is responsible for permitting, managing, and overseeing its oil-and-gas exploration and production projects and for the conduct of its contractors, over whom it exercised supervision and/or control.

4.

Defendant, Hot Energy Services, Inc., is a Louisiana corporation licensed to do and doing business within the State of Louisiana and in Plaquemines Parish. Hot Energy Services owned and, upon information and belief, operated of the tugboat *MISS LUCY* for the benefit of Hilcorp at the time of the incidents described herein.

Jurisdiction and venue are proper within this court because the nexus of damage was caused by Defendants' traditional maritime activity in Plaquemines Parish, Louisiana. Specifically, Defendants' conduct gives rise to causes of action under both general maritime law and causes of action arising under Louisiana law. Plaintiffs herein invoke the general maritime law of the United States, through the savings to suitor's clause, 28 U.S.C. § 1333.

5.

Hilcorp purchased the right to extract minerals from State Lease 2028 #011 Well (the "Well"), an oil well located on navigable waters in the Lake Washington Field, in Plaquemines Parish.

6.

During the week of June 2, 2019, Hilcorp engaged the *MISS LUCY* to push a barge to service the SL2028 #011 Well (serial # 157033). The *MISS LUCY* accessed the well utilizing a route on a shallow pipeline canal and upon leaving the pipeline canal, crossed the northern portion of Oyster Lease # 3190411, belonging to Mrs. Alexis. There was no work permit nor Coastal Use Permit (CUP) filed by Hilcorp for this activity.

7.

The *MISS LUCY* had a reported draft of 5 feet, which would not include the depth of the propeller. Hilcorp knew that its route ran across Plaintiffs' oyster lease and that the waters were too shallow for the types of vessels it chartered and/or leased.

8.

According to vessel tracking data for the *MISS LUCY*, the project began on June 2, 2019. The activity lasted until on or about June 6, 2019, when the *MISS LUCY* departed the well and

2

began its return to port.

9.

Throughout the course of the Project, Hilcorp and Hot Energy Services physically cut through Plaintiffs' lease. The softened sediment churned up by prop washing spread onto the lease, creating a soft layer that could suffocate the existing oyster beds. By softening the water bottom, Hilcorp rendered areas not covered by beds less fit to support new oyster growth. The damage Hilcorp and Hot Energy Service's vessel caused to the lease's water bottoms reduced the economic value of the lease to Plaintiffs, likely destroyed emergent oyster crop, and made it more difficult and costly to seed and harvest new oysters on affected areas of the lease.

10.

Hilcorp's misconduct in this case is not isolated. Hilcorp has prop washed on Plaintiffs' leases at least three times previously, in 2012, 2013 and 2016, without notice or Ms. Alexis' consent. In addition, Hilcorp has been cited repeatedly by the Louisiana Department of Natural Resources for failing to seek a Coastal Use Permit prior to dredging activities in coastal Louisiana waters.

11.

Gleason Alexis has worked very hard and spent large amounts of money over many years to construct oyster reefs on Cecele Alexis' leases. The area was re-cultched in the years preceding the incident. Gleason harvests oysters as a means of providing income and sustenance for himself and his family.

12.

As a result of Hilcorp and Hot Energy Services' illegal actions, Cecele Alexis and Gleason Alexis have suffered past, present, and future damage to property, lost income, diminished value, and mental anguish, as well as the cost to repair the physical damage caused by Defendants.

13.

Defendants are liable to Plaintiffs for the injuries Plaintiffs sustained under La. Civil Code Articles 667-69 and 2315 for the following reasons:

   A. Defendants trespassed in bad faith on Plaintiffs' property, requiring Defendants to disgorge the benefits they received from the project;

   B. Defendants knowingly and intentionally damaged Plaintiffs' property;

3

C. Defendants negligently damaged Plaintiffs' property or otherwise failed to use reasonable care to avoid harm to Plaintiffs, including but not limited to:

    a. failing to use vessels with sufficiently shallow drafts as to avoid prop washing and disturbing the water bottom,

    b. failing to utilize previously established access routes to the worksite.

D. Defendants failed to notify regulators or Plaintiffs regarding the Project, causing Plaintiffs mental anguish;

E. Defendants unjustly enriched themselves to Plaintiffs' detriment;

F. Defendants failed to compensate Plaintiffs for the harms they caused, as required by Louisiana law; and

G. Any other acts of negligence and strict liability revealed in discovery or shown at the time of trial in this matter to violate Louisiana law.

14.

Lake Grand Ecaille, in which the events at issue in this suit occurred, is a navigable waterway in that it is susceptible for use in its natural and ordinary state as a highway for waterborne commerce. Lake Grand Ecaille was in regular use for commerce by energy companies, including Hilcorp, and received and was capable of receiving regular commercial vessel traffic, and by commercial fishers, including Plaintiff Gleason Alexis. Vessels may travel from Lake Grand Ecaille into Barataria Bay and the Gulf of Mexico.

15.

The incident itself, involving dredging on an oyster lease for purposes of creating access for vessels, bears a connection to traditional maritime activity. Defendants' misconduct also impeded waterborne commerce undertaken by the Alexis family, oyster harvesting.

16.

Defendants are liable to Plaintiffs for the injuries Plaintiffs sustained under the General Maritime Law of the United States, for the following reasons:

A. Defendants trespassed in bad faith on Plaintiffs' property;

B. Defendants intentionally damaged Plaintiffs' property;

C. Defendants negligently harmed Plaintiffs by:

4

    a. using vessels with sufficiently shallow drafts as to avoid prop washing and disturbing water bottom,

    b. failure to utilize previously established access routes to the worksite.

D. Defendants failed to properly notify the State of their intention to access and perform work on the well, failed to notify the Department of Wildlife and Fisheries of the oyster leases proximate to the work and access route and failed to obtain the proper permits and clearances to access and perform the work on the well;

E. Defendants have failed to restore the damage they caused to portions of the leases and/or to compensate for the damage caused to the leases;

F. Defendants unjustly enriched themselves to Plaintiffs' detriment and otherwise are liable to Plaintiffs in restitution;

G. Defendants violated their constructive trust obligations to Plaintiffs;

H. Any other acts of negligence and strict liability revealed in discovery or shown at the time of trial in this matter to violate General Maritime law.

17.

Because Hilcorp's past practice demonstrates that the Defendant is likely to repeat its past misconduct on the Leases absent intervention by this Court, Plaintiff is entitled to an injunction restraining Hilcorp from prop washing on Plaintiffs' lease without first receiving the authorization from state and federal agencies required by law and without first providing them with the notice required by law. Failing to provide notice results in Plaintiffs being unable to obtain for themselves a pre-assessment of their lease prior to sustaining damage. This result, and the damage to the property, causes irreparable damage to Plaintiffs.

18.

Plaintiff Cecele Alexis alleges that at all pertinent times she was exercising all due care and reasonable actions for the maintenance of her lease, including that she marked all relevant boundaries of her lease. Because of the lack of notice and permitting and Defendants' failure to comply with the law, Ms. Alexis was unaware of the damage to leases until the work done by Defendants was completed.

5

PRAYER

WHEREFORE, Plaintiffs Cecele Alexis and Gleason Alexis pray that Defendants Hilcorp Energy Company and Hot Energy Services be cited and served with a copy of this Petition, and be required to answer same, all in accordance with the law; that after due delays and proceedings had, there be judgment in favor of Plaintiffs, and against Defendants, in an amount which adequately compensates Plaintiffs as set forth above, which requires Defendants to disgorge their illegal benefit, and with legal interest from the date of judicial demand, and for all costs of these proceedings. Plaintiffs also pray that the Court issue an injunction, restraining Defendants from further prop washing without legal authorization on Cecele Alexis' lease and without first providing Plaintiffs with reasonable notice of same.

Respectfully submitted,

WALTZER WIYGUL & GARSIDE, LLC

Clay Garside, Bar No. 29873
Cornelia C. Norman, Bar No. 01507
14399 Chef Menteur Highway, Ste D
New Orleans, LA 70129
Telephone: (504) 254-4400
Fax: (504) 254-1112
Clay@wwglaw.com
Cathy@wwglaw.com
*Attorneys for Plaintiffs*

SERVICE TO BE WITHHELD AT THIS TIME
PLAINTIFFS WILL REQUEST SERVICE WITHIN THE DELAYS ALLOWED BY LAW.

6

## APPENDIX 9.6
## LOUISIANA CIVIL CASE REPORTING
### Civil Case Cover Sheet - LA. R.S. 13:4688,  Part G, §13 of the Louisiana Supreme Court General Administrative Rules, and Appendix 9.6 of the Louisiana District Court Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court.  The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

**Suit Caption:**

CECELE ALEXIS and GLEASON ALEXIS    **VS.**   HILCORP ENERGY COMPANY and HOT ENERGY SERVICES, INC.

**Court:** 25th Judicial District Court          **Docket Number:**   66069, Division "A"

**Parish of Filing:**  Plaquemines          **Filing Date:**    05/26/2020        **FILED**

**Name of Lead Petitioner's Attorney:** Clay Garside and Cornelia C. Norman        JUN -2 2020

**Name of Self-Represented Litigant:** _____        DEPUTY CLERK

**Number of named petitioners:** __2__          **Number of named defendants:** _2_

**Type of Lawsuit:  Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):**

- ___ Auto: Personal Injury
- ___ Auto: Wrongful Death
- ___ Asbestos: Property Damage
- ___ Product Liability
- ___ Intentional Bodily Injury
- ___ Intentional Wrongful Death
- ___ Business Tort
- ___ Defamation
- ___ Environmental Tort
- ___ Intellectual Property
- ___ Legal Malpractice
- ___ Other Professional Malpractice
- _x_ Maritime
- ___ Wrongful Death
- _x_ General Negligence

- ___ Auto: Property Damage
- ___ Auto: Uninsured Motorist
- ___ Asbestos: Personal Injury/Death
- ___ Premise Liability
- _x_ Intentional Property Damage
- ___ Unfair Business Practice
- ___ Fraud
- ___ Professional Negligence
- ___ Medical Malpractice
- ___ Toxic Tort
- ___ Other Tort (describe below)
- ___ Redhibition
- ___ Class action (nature of case)
  _____
  _____

**Please briefly describe the nature of the litigation in one sentence of additional detail:**
Suit for damage to oyster lease by oil and gas companies.
_____

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name ___Clay Garside_____ Signature _____

Address _14399 Chef Menteur Highway, Ste. D, New Orleans, LA 70129_____

Phone number: _504-254-4400_____ E-mail address: _clay@wwglaw.com_____

# WaltzerWiygulGarside
## LAW FIRM

**WITH OFFICES LOCATED IN**

Gretna, LA
Ocean Springs, MS

Clay Garside – clay@wwglaw.com
Cheryl L. Wild-Don de'Ville –cheryl@wwglaw.com
Samantha Nguyen – samantha@wwglaw.com

## FACSIMILE COVER SHEET

TO:    Clerk of Court – 25th JDC – Plaquemines Parish

FAX #:  934-6629

RE:    Cecele Alexis vs Hilcorp Energy Company, et al – 25th JDC # 66069, Division "A"
        First Amended Petition For Damages and Injunctive Relief

FROM: Clay Garside                              DATE: 07/09/2020

TOTAL PAGES: ___9___ including cover page       TIME: 10:19am

...............................................................................................................................................

### SPECIAL MESSAGES:

Please file the attached the First Amended Petition For Damages and Injunctive Relief into the court's record and fax the filing confirmation to the undersigned at 504-254-1112. Thank you for your assistance and attention in this matter.

...............................................................................................................................................

IF A PROBLEM IS ENCOUNTERED WITH A COPY OF THIS TRANSMISSION, PLEASE CALL SAMANTHA (504) 254-4400.

This facsimile contains privileged and confidential information intended only for the use of the individual or entity named above. If the reader of the facsimile is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.

14399 Chef Menteur Hwy. Suite D  |  New Orleans, LA 70129  |  p 504.254.4400  |  f 504.254.1112

25th JUDICIAL DISTRICT COURT FOR THE PARISH OF PLAQUEMINES

STATE OF LOUISIANA

CASE NO. __66069__                                        DIVISION "A"

CECELE ALEXIS                                    **FILED**

VERSUS                                    JUL 09 2020

HILCORP ENERGY COMPANY, HOT ENERGY SERVICES, INC. and DEPUTY CLERK

BONVILLIAN MARINE SERVICE, INC.


FILED:_____          _____
                                              DEPUTY CLERK


## FIRST AMENDED PETITION FOR DAMAGES AND INJUNCTIVE RELIEF

NOW INTO COURT, through undersigned counsel, comes plaintiff Cecele Alexis, of the full age of majority, who brings this suit for injunction and for damages to an oyster lease caused by Hilcorp Energy Company, Hot Energy Services and Bonvillian Marine Service Inc.'s unauthorized and illegal crossing and dredging. In support thereof, Plaintiff respectfully avers as follows:

1.

Plaintiff Cecele Alexis is a person of the full age of majority who lives in Port Sulphur, Plaquemines Parish, Louisiana. Cecele Alexis owns State Oyster Lease No. 3190411 (494 acres) and State Oyster Lease No. 3648411 (9 acres) (collectively, "the Leases") in the navigable waterbody of Lake Grand Ecaille in Plaquemines Parish. She, along with her son, Gleason Alexis, cultivate and harvest oysters from the Leases as a family business. Cecele and Gleason Alexis have invested substantial money and labor in constructing oyster beds, purchasing cultch, and building, maintaining, and/or operating vessels to service the Leases.

Case Number: 00066069 Transaction Date: 7/9/2020 Seq: 17 Page Sequence: 1

2.

Defendant Hilcorp Energy Company ("Hilcorp") is a foreign corporation licensed to do and doing business within the State of Louisiana and in Plaquemines Parish. Hilcorp is a private, multi-billion-dollar company that states that it is currently the largest oil and gas producer in Louisiana. Hilcorp is responsible for permitting, managing, and overseeing its oil-and-gas exploration and production projects and for the conduct of its contractors, over whom it exercised supervision and/or control.

3.

Defendant, Hot Energy Services, Inc., is a Louisiana corporation licensed to do and doing business within the State of Louisiana and in Plaquemines Parish. Hot Energy Services owned and, upon information and belief, operated the tugboat *MISS LUCY* for the benefit of Hilcorp at the time of the incidents described herein.

4.

Defendant, Bonvillian Marine Service, Inc. is a Louisiana corporation, licensed to do business within the State of Louisiana and in Plaquemines Parish. Bonvillian Marine Service, Inc. owned and, upon information and belief, operated the tugboat *LADY CRYSTAL* for the benefit of Hilcorp at the time of the incidents described herein.

5.

Jurisdiction and venue are proper within this court because the nexus of damage was caused by Defendants' traditional maritime activity in Plaquemines Parish, Louisiana. Specifically, Defendants' conduct gives rise to causes of action under both general maritime law and causes of action arising under Louisiana law. Plaintiff herein invokes the general maritime law of the United States, through the savings to suitors clause, 28 U.S.C. § 1333.

6.

Hilcorp purchased the right to extract minerals from State Lease 2028 #011 Well (the "Well"), an oil well located on navigable waters in the Lake Washington Field, in Plaquemines Parish.

7.

During the week of June 2, 2019, Hilcorp engaged the *MISS LUCY* to push a barge to service the SL2028 #011 Well (serial # 157033). The *MISS LUCY* accessed the well utilizing a

2

route on a shallow pipeline canal and upon leaving the pipeline canal, crossed the northern portion of Oyster Lease # 3190411, belonging to Mrs. Alexis. There was no work permit or Coastal Use Permit (CUP) filed by Hilcorp for this activity.

8.

The *MISS LUCY* had a reported draft of over 5 feet, which would not include the depth of the propeller. Hilcorp knew that its route ran across Plaintiff's oyster lease and that the water in the pipeline canal and on the oyster lease used for access was too shallow for the type of vessel it chartered and/or leased.

9.

On or about June 2, 2019 the Miss Lucy entered onto Plaintiff's lease. *MISS LUCY*'s activity in the area lasted until on or about June 9, 2019, when the *MISS LUCY* departed the well and began its return to port.

10.

Upon information and belief, on or about July 9, 2019, Hilcorp engaged a second vessel, the *LADY CRYSTAL* to push a barge and equipment in furtherance of the plugging and abandonment of the SL2028 #011 Well (Serial #157033). The State of Louisiana received a Work Permit (LPA #0278-19) for plugging and abandoning the SL 2028 #011 Well on July 11, 2019. That permit was authorized on July 15, 2019. Hilcorp was aware of established, adequate, navigational channels in the area to access the well site, however it failed to look at or utilize alternative routes and instead utilized the route nearly identical to that used by the *MISS LUCY*, through a shallow pipeline canal adjacent to Plaintiff's lease. Hilcorp knew that due to the proximity to and crossing of oyster leases, as well as the necessary prop washing of the access route, including the shallow adjacent canal, that a CUP was required. Yet again it failed to apply for one.

11.

The *LADY CRYSTAL* had a reported draft of over 5.5 feet, which would not include the depth of the propeller. Hilcorp knew that its route ran across and/or near Plaintiff's oyster lease and that the water in the pipeline canal and on the oyster lease used for access was too shallow for the type of vessel it chartered and/or leased.

3

12.

The *LADY CRYSTAL* crossed over the southern tip of Plaintiff's lease and subsequently made multiple passes down the shallow pipeline canal, adjacent to Plaintiff's lease between July 9, 2020 and August 8, 2020, in furtherance of the plugging and abandonment of the well. As a result a tremendous amount of sediment from the pipeline canal flowed out of the canal and deposited upon Plaintiff's oyster lease.

13.

On both occasions, Hilcorp failed to notify Plaintiff of its intension to cross, propwash and /or travel within 500 feet of her leases, or to compensate her for her damages, as required by law. Hilcorp trespassed and damaged Plaintiff's property in bad faith and is required to disgorge its ill-gotten gains from the project.

14.

Throughout the course of both projects, Hilcorp, Hot Energy Services, and/or Bonvillian Marine Service, Inc. physically cut through Plaintiff's lease or entered into the 500 foot halo surrounding the lease that defines the area requiring a waterbottom review. The softened sediment churned up by prop washing spread onto the lease, creating a soft layer that can suffocate the existing oyster beds. By softening the water bottom, Hilcorp rendered areas not covered by beds less fit to support new oyster growth. The damage Hilcorp, Hot Energy Services, and Bonvillian Marine Service, Inc.'s vessels caused to the lease's water bottoms reduced the economic value of the lease to Plaintiff, likely destroyed emergent oyster crop, and made it more difficult and costly to seed and harvest new oysters on affected areas of the lease.

15.

Hilcorp's misconduct in this case is not isolated. Hilcorp has prop washed on Plaintiff's leases at least three times previously, in 2012, 2013, and 2016, without notice or Plaintiff's consent. In addition, Hilcorp has been cited repeatedly by the Louisiana Department of Natural Resources for failing to seek a Coastal Use Permit prior to dredging activities and/or the crossing of oyster leases in coastal Louisiana waters.

4

16.

Plaintiff, through the agency of her son Gleason Alexis, has worked very hard and spent large amounts of money over many years to construct oyster reefs on Plaintiff's leases. The area was re-cultched in the years preceding the incident. Gleason harvests oysters as a means of providing income and sustenance for himself and his family, including Plaintiff.

17.

As a result of Hilcorp, Hot Energy Services, and/or Bonvillian Marine Service, Inc.'s illegal actions, Plaintiff has suffered past, present, and future damage to property, lost income, diminished value, and mental anguish, as well as the cost to repair the physical damage.

18.

Defendants are liable to Plaintiff for the injuries Plaintiff sustained under La. Civil Code Articles 667-69 and 2315 for the following reasons:

A. Defendants trespassed in bad faith on Plaintiff's property, requiring Defendants to disgorge the benefits they received from the project;

B. Defendants knowingly and intentionally damaged Plaintiff's property;

C. Defendants negligently damaged Plaintiff's property or otherwise failed to use reasonable care to avoid harm to Plaintiff, including but not limited to:

   a. failing to use vessels with sufficiently shallow drafts as to avoid prop washing and disturbing the water bottom,

   b. failing to utilize previously established access routes to the worksite.

D. Defendants failed to notify regulators or Plaintiff regarding the Project, causing Plaintiff mental anguish;

E. Defendants unjustly enriched themselves to Plaintiff's detriment;

F. Defendants failed to compensate Plaintiff for the harms they caused, as required by Louisiana law; and

G. Any other acts of negligence and strict liability revealed in discovery or shown at the time of trial in this matter to violate Louisiana law.

5

19.

Lake Grand Ecaille, in which the events at issue in this suit occurred, is a navigable waterway in that it is susceptible for use in its natural and ordinary state as a highway for waterborne commerce. Lake Grand Ecaille was in regular use for commerce by energy companies, including Hilcorp, and received and was capable of receiving regular commercial vessel traffic, and by commercial fishers, including Plaintiff's son Gleason Alexis.

20.

The incidents themselves, involving dredging on and adjacent to an oyster lease for purposes of creating access for vessels, bears a connection to traditional maritime activity. Defendants' misconduct also impeded waterborne commerce undertaken by the Alexis family, oyster harvesting.

21.

Defendants are liable to Plaintiff for the injuries Plaintiff sustained under the General Maritime Law of the United States, for the following reasons:

A. Defendants trespassed in bad faith on Plaintiff's property;

B. Defendants intentionally damaged Plaintiff's property;

C. Defendants negligently harmed Plaintiff by:

   a. failure to use vessels with sufficiently shallow drafts as to avoid prop washing and disturbing water bottom,

   b. failure to utilize previously established access routes to the worksite.

D. Defendants failed to properly notify the State of their intention to access and perform work on the well, failed to notify the Department of Wildlife and Fisheries of the oyster leases proximate to the work and access route and failed to obtain the proper permits and clearances to access and perform the work on the well;

E. Defendants have failed to restore the damage they caused to portions of the leases and/or to compensate for the damage caused to the leases;

F. Defendants unjustly enriched themselves to Plaintiff's detriment and otherwise are liable to Plaintiff in restitution;

G. Defendants violated their constructive trust obligations to Plaintiff;

6

H. Any other acts of negligence and strict liability revealed in discovery or shown at the time of trial in this matter to violate General Maritime law.

22.

Because Hilcorp's past practice demonstrates that it is likely to repeat its past misconduct on the Leases absent intervention by this Court, Plaintiff is entitled to an injunction restraining Hilcorp from prop washing on Plaintiff's lease without first receiving the authorization from state and federal agencies required by law and without first providing them with the notice required by law. Failing to provide notice results in Plaintiff being unable to obtain for herself a pre-assessment of her lease prior to sustaining damage. This result, and the damage to the property, causes irreparable damage to Plaintiff.

23.

Plaintiff Cecele Alexis alleges that at all pertinent times she was exercising all due care and reasonable actions for the maintenance of her lease. Because of the lack of notice and permitting and Defendants' failure to comply with the law, Plaintiff was unaware of the damage to the Leases until the work done by Defendants was completed.

PRAYER

WHEREFORE, Plaintiff Cecele Alexis prays that Defendants Hilcorp Energy Company, Hot Energy Services, and Bonvillian Marine Service, Inc. be cited and served with a copy of the original Petition and this First Amended Petition, and be required to answer same, all in accordance with the law; that after due delays and proceedings had, there be judgment in favor of Plaintiff, and against Defendants, in an amount which adequately compensates Plaintiff as set forth above, which requires Defendants to disgorge their illegal benefit, and with legal interest from the date of judicial demand, and for all costs of these proceedings. Plaintiff also prays that the Court issue an injunction, restraining Defendants from further prop washing without legal authorization on Plaintiff's leases and without first providing Plaintiff with reasonable notice of same.

Respectfully submitted,

Case Number: 00066069 Transaction Date: 7/9/2020 Seq: 17 Page Sequence: 7

WALTZER WIYGUL & GARSIDE, LLC


Clay Garside, Bar No. 29873
Cornelia C. Norman, Bar No. 01507
14399 Chef Menteur Highway, Ste D
New Orleans, LA 70129
Telephone: (504) 254-4400
Fax: (504) 254-1112
Clay@wwglaw.com
Cathy@wwglaw.com
*Attorneys for Plaintiff*


PLEASE SERVE BOTH THE PETITION AND THIS FIRST AMENDED PETITION ON:

**Hilcorp Energy Company**
Through its registered agent for service of process,
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816


**Hot Energy Services, Inc.**
Through its registered agent for service of process,
Suzanne Guidry
921 Dunn Street
Houma, La. 70360

**Bonvillian Marine Services, Inc.**
Through its registered agent for service of process,
Gloria Ann Bonvillian
37772 Highway 11
Buras, LA. 70041

8

# FACSIMILE RECEIPT CERTIFICATE

ALEXIS ET AL, CECELE

Versus

HILCORP ENERGY CO ET AL



Case: 00066069
Division: A
25th Judicial District Court
Parish of Plaquemines
State of Louisiana

TO:  CLAY GARSIDE
     WALTZER WIYGUL & GARSIDE LLC
     3201 GENERAL DEGAULLE SUITE 200
     NEW ORLEANS, LA  70114

VIA FAX: 504-254-1112

THIS IS TO CERTIFY that a FIRST AMENDED PETITION  was transmitted by facsimile from your office to the Plaquemines Parish Clerk of Courts fax line 504-934-6629 and 8 total pages were received and marked filed on July 9, 2020 in the above captioned matter.

Thus done and signed at Belle Chasse, Plaquemines Parish, Louisiana, on Thursday, July 9, 2020.

*Lane Stochstir*

Deputy Clerk of Court for
Kim Turlich-Vaughan, Clerk of Court
P.O. Box 40
Belle Chasse, LA  70037

---

Louisiana R.S. 13:850.Facsimile transmission; filings in civil actions; fees; equipment and supplies

A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.

B. **Within seven days**, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:

(1) The original signed document.

(2) The applicable filing fee, if any.

(3) A transmission fee of five dollars.

C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.

REMIT $350  $39.36 EAST BR SHERIFF   $38.16 TERREBONNE SHERIFF $30 PPSO

FOOTER AREA

TX Result Report      P   1
07/10/2018 12:35
Serial No.   AA6R011004531
TC:   110340

| Addressee | Start Time | Time | Prints | Result | Note |
|-----------|-----------|------|--------|--------|------|
| 92541112 | 07-10 12:35 | 00:00:42 | 001/001 | OK | |

Note   TMR:Timer TX, POL:Polling, ORG:Original Size Setting, FME:Frame Erase TX,
DPG:Page Separation TX, MIX:Mixed Original TX, CALL:Manual TX, CSRC:CSRC,
FWD:Forward, PC:PC-FAX, BND:Double-Sided Binding Direction, SP:Special Original,
FCODE:F-code, RTX:Re-TX, RLY:Relay, MBX:Confidential, BUL:Bulletin, SIP:SIP Fax,
IPADR:IP Address Fax, I-FAX:Internet Fax

Result   OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
TEL: RX from TEL, NG: Other Error, Cont: Continue, No Ans: No Answer,
Refuse: Receipt Refused, Busy: Busy, M-Full:Memory Full, LOVR:Receiving length Over,
POVR:Receiving page Over, FIL:File Error, DC:Decode Error, MDN:MDN Response Error,
DSN:DSN Response Error, PRINT:Compulsory Memory Document Print,
DEL:Compulsory Memory Document Delete, SEND:Compulsory Memory Document Send.

---

**FACSIMILE RECEIPT CERTIFICATE**

ALEXIS ET AL, CECELE

Versus

HILCORP ENERGY CO ET AL



Case: 00066069
Division: A
25th Judicial District Court
Parish of Plaquemines
State of Louisiana

TO: CLAY GARSIDE
     WALTZER WIYGUL & GARSIDE LLC
     3201 GENERAL DEGAULLE SUITE 200
     NEW ORLEANS, LA 70114

VIA FAX: 504-254-1112

THIS IS TO CERTIFY that a FIRST AMENDED PETITION was transmitted by facsimile from

your office to the Plaquemines Parish Clerk of Courts fax line 504-934-6629 and 8 total pages

were received and marked filed on July 9, 2020 in the above captioned matter.

Thus done and signed at Belle Chasse, Plaquemines Parish, Louisiana, on Thursday, July 9,

2020.

*Lane Hochster*

Deputy Clerk of Court for
Kim Turlich-Vaughan, Clerk of Court
P.O. Box 40
Belle Chasse, LA 70037

---

Louisiana R.S. 13:850.Facsimile transmission; filings in civil actions; fees; equipment and supplies

A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.

B. Within seven days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:

(1) The original signed document.

(2) The applicable filing fee, if any.

(3) A transmission fee of five dollars.

C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.

REMIT $350 $39.36 EAST BR SHERIFF $38.16 TERREBONNE SHERIFF
$30 PPSO

[ ORIGINAL ]

Case 2:20-cv-02289-BWA-KWR    Document 1-2    Filed 08/18/20    Page 30 of 38

# CITATION

CECELE ALEXIS ET AL

Versus

HILCORP ENERGY CO ET AL



Case: **00066069**
Division: A
25th Judicial District Court
Parish of Plaquemines
State of Louisiana

To:  HILCORP ENERGY COMPANY
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS,
CT CORPORATION SYSTEM
3867 PLAZA TOWER DRIVE
BATON ROUGE, LA 70816

YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition and First Amended Petition for Damages and Injunctive Relief of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Friday, July 10, 2020.

REQUESTED BY:
CLAY GARSIDE
504-254-4400

*Tandi L. Gondrella*

Deputy Clerk of Court for
Kim Turlich-Vaughan, Clerk of Court
P.O. Box 40
Belle Chasse, LA 70037

---

## Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:

**Personal Service** on the party herein named _____.
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _____ this _____ day of _____, 20_____.

Service      $_____

Mileage     $_____          By: _____
                                          Deputy Sheriff

Total          $_____

FOOTER AREA

Case 2:20-cv-02289-BWA-KWR   Document 1-2   Filed 08/18/20   Page 31 of 38

# CITATION

| | | |
|---|---|---|
| **CECELE ALEXIS ET AL** | | *Case:* **00066069** |
| | | *Division: A* |
| *Versus* |  | *25th Judicial District Court* |
| | | *Parish of Plaquemines* |
| **HILCORP ENERGY CO ET AL** | | *State of Louisiana* |

To:  HOT ENERGY SERVICES, INC.
      THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS,
      SUZANNE GUIDRY
      921 DUNN STREET
      HOUMA, LA 70360

*YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition and First Amended Petition for Damages and Injunctive Relief of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.*

*WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Friday, July 10, 2020.*

*REQUESTED BY:*
CLAY GARSIDE
504-254-4400

*Tandi L. Gondrella*

*Deputy Clerk of Court for*
*Kim Turlich-Vaughan, Clerk of Court*
*P.O. Box 40*
*Belle Chasse, LA  70037*

---

### Service Information

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____ served the above named party as follows:

**Personal Service** on the party herein named _____.
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

*Returned:*
Parish of _____ this _____ day of _____, 20____.

Service      $_____

Mileage     $_____            By: _____
                                                      *Deputy Sheriff*

Total        $_____

FOOTERAREA

Case 2:20-cv-02289-BWA-KWR    Document 1-2    Filed 08/18/20    Page 32 of 38

# CITATION

| | | |
|---|---|---|
| *CECELE ALEXIS ET AL* | | *Case:* **00066069** |
| |  | *Division: A* |
| *Versus* | | *25th Judicial District Court* |
| | | *Parish of Plaquemines* |
| *HILCORP ENERGY CO ET AL* | | *State of Louisiana* |

To:  *BONVILLIAN MARINE SERVICES, INC.*
*THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS,*
*GLORIA ANN BONVILLIAN*
*37772 HIGHWAY 11*
*BURAS, LA 70041*

*YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition and First Amended Petition for Damages and Injunctive Relief of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.*

*WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Friday, July 10, 2020.*

*REQUESTED BY:*
*CLAY GARSIDE*
*504-254-4400*

*Jandi L. Gondrella*

*Deputy Clerk of Court for*
*Kim Turlich-Vaughan, Clerk of Court*
*P.O. Box 40*
*Belle Chasse, LA 70037*

---

## Service Information

*Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:*

**Personal Service** *on the party herein named _____.*
**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

*Returned:*
*Parish of _____ this _____ day of _____, 20_____.*

*Service      $_____*

*By: _____*

*Mileage     $_____*           *Deputy Sheriff*

*Total        $_____*

FOOTERAREA

## CITATION



**CECELE ALEXIS ET AL**

*Versus*

**HILCORP ENERGY CO ET AL**

Case: **00066069**
Division: *A*
25th Judicial District Court
Parish of Plaquemines
State of Louisiana

To: BONVILLIAN MARINE SERVICES, INC.
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS,
GLORIA ANN BONVILLIAN
37772 HIGHWAY 11
BURAS, LA 70041

YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition and First Amended Petition for Damages and Injunctive Relief of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Friday, July 10, 2020.

REQUESTED BY:
CLAY GARSIDE
504-254-4400

*Tandi L. Gondrella*

Deputy Clerk of Court for
Kim Turlich-Vaughan, Clerk of Court
P.O. Box 40
Belle Chasse, LA 70037

---

### Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:

**Personal Service** on the party herein named _____.
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _____ this _____ day of _____, 20_____.

Service     $_____

Mileage    $_____        By: _____
                                    *Deputy Sheriff*

Total       $_____

Suit: 138-66069                                Cost:    30.00
BONVILLIAN MARINE SERVICES INC THRU GLORIA ANN BON
37772 HWY 11
BURAS LA
Person Served:  BONVILLIAN MARINE SERVICES INC THRU G
Received:  07/13/2020      Served:      07/13/2020  1:31 pm
Deputy:  MCCLENDON      Miles:  0.00  Type:      PERSONAL

**FILED**

JUL 16 2020

*[signature]*
DEPUTY CLERK

PAID-CHECK # __1716__

[ RETURN COPY ]

## NOTICE OF SERVICE

*CECELE ALEXIS ET AL*

*Versus*

*HILCORP ENERGY CO ET AL*



*Case:* **00066069**
*Division: A*
*25th Judicial District Court*
*Parish of Plaquemines*
*State of Louisiana*

TO: *CLAY GARSIDE*
*WALTZER WIYGUL & GARSIDE LLC*
*3201 GENERAL DEGAULLE SUITE 200*
*NEW ORLEANS, LA 70114*

**Service of**: (X) *Citation;* ( ) *Petition;* ( ) *SDT;* ( ) *Witness Subpoena*

( ) *Motion & Order;* ( ) *Rule;* ( ) *Judgment* ( ) *Other:*

**Party Served**: *BONVILLIAN MARINE SERVICES, INC.*

**Date of Service**: *07/13/2020*

**Type of Service**: (X) *Personal* ( ) *Domiciliary*

**If no service, reason:**

*Sincerely,*

_____
*Deputy Clerk of Court*

FOOTER AREA

Case Number: 00066069 Transaction Date: 7/16/2020 Seq: 5 Page Sequence: 1

Case 2:20-cv-02289-BWA-KWR     Document 1-2     Filed 08/18/20     Page 35 of 38

## CITATION

CP# 1*115  # 38.16

**CECELE ALEXIS ET AL**

Versus

**HILCORP ENERGY CO ET AL**



Case: **00066069**
Division: **A**
25th Judicial District Court
Parish of Plaquemines
State of Louisiana

PERSONAL
7/15/20   9:14

To:  HOT ENERGY SERVICES, INC.
     THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS,
     SUZANNE GUIDRY
     921 DUNN STREET
     HOUMA, LA 70360

YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition and First Amended Petition for Damages and Injunctive Relief of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Friday, July 10, 2020.

FILED
JUL 21 2020

REQUESTED BY:
CLAY GARSIDE
504-254-4400

Tandi L. Honchella

DY. CLERK

Deputy Clerk of Court for
Kim Turlich-Vaughan, Clerk of Court
P.O. Box 40
Belle Chasse, LA  70037

---

### Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:

**Personal Service** on the party herein named _____.
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _____ this _____ day of _____, 20_____.

Service      $_____

Mileage      $_____               By: _____
                                            Deputy Sheriff

Total        $_____

2020 JUL 14 P 4: 16
RECEIVED
SHERIFF'S OFFICE
PARISH OF TERREBONNE, LA.

[ RETURN COPY ]

Case 2:20-cv-02289-BWA-KWR   Document 1-2   Filed 08/18/20   Page 36 of 38

## NOTICE OF SERVICE

*CECELE ALEXIS ET AL*

*Versus*

*HILCORP ENERGY CO ET AL*



*Case:* **00066069**
*Division: A*
*25th Judicial District Court*
*Parish of Plaquemines*
*State of Louisiana*

TO:  CLAY GARSIDE
     WALTZER WIYGUL & GARSIDE LLC
     3201 GENERAL DEGAULLE SUITE 200
     NEW ORLEANS, LA  70114

**Service of**:  (XXX) Citation; ( ) Petition; ( ) SDT; ( ) Witness Subpoena

( ) Motion & Order; ( ) Rule; ( ) Judgment ( ) Other:

**Party Served**: HOT ENERGY SERVICES INC THROUGH SUZANNE GUIDRY

**Date of Service**: 7/15/20

**Type of Service**: (XXX) Personal    ( ) Domiciliary

**If no service, reason**:

Sincerely,

_____
*Deputy Clerk of Court*

FOOTER AREA

*CITATION*

**FOR RETURN**

| | | |
|---|---|---|
| ***CECELE ALEXIS ET AL*** |  | **Case: 00066069** |
| | | Division: A |
| *Versus* | | 25th Judicial District Court |
| | | Parish of Plaquemines |
| ***HILCORP ENERGY CO ET AL*** | | State of Louisiana |

To:  HILCORP ENERGY COMPANY
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS,
CT CORPORATION SYSTEM
3867 PLAZA TOWER DRIVE
BATON ROUGE, LA 70816

YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition and First Amended Petition for Damages and Injunctive Relief of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Friday, July 10, 2020.

REQUESTED BY:
CLAY GARSIDE
504-254-4400

*I made service on the named party through the CT Corporation*

*JUL 20 2020*

*by tendering a copy of this document to*
*☐ Jeannine Beauregard   ☐ Brenna Beauregard   ☐ Alison Reed*
*E. Cummins*
*Deputy Sheriff, Parish of East Baton Rouge, Louisiana*

*Jandi L. Honchella*

Deputy Clerk of Court for
Kim Turlich-Vaughan, Clerk of Court
P.O. Box 40
Belle Chasse, LA  70037

*ABBY SARMIENTO*

## Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:

**Personal Service** on the party herein named _____.
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _____ this _____ day of _____, 20_____.

Service      $_____

Mileage     $_____          By: _____
                                              Deputy Sheriff

Total         $_____

**FILED**

AUG -3 2020

*Kyle C. Johnson*
**DY. CLERK**

**RECEIVED**

JUL 17 2020

E.B.R. SHERIFF'S OFFICE

[ RETURN COPY ]

Case 2:20-cv-02289-BWA-KWR    Document 1-2    Filed 08/18/20    Page 38 of 38

## NOTICE OF SERVICE

*CECELE ALEXIS ET AL*

*Versus*

*HILCORP ENERGY CO ET AL*



*Case:* **00066069**
*Division: A*
*25th Judicial District Court*
*Parish of Plaquemines*
*State of Louisiana*

TO:  CLAY GARSIDE
      WALTZER WIYGUL & GARSIDE LLC
      3201 GENERAL DEGAULLE SUITE 200
      NEW ORLEANS, LA  70114

**Service of**:  (X) Citation; (    ) Petition; (    ) SDT; (    ) Witness Subpoena

        (    ) Motion & Order; (    ) Rule; (    ) Judgment (    ) Other:

**Party Served**: HILCORP ENERGY COMPANY

**Date of Service**: 07/20/2020

**Type of Service**: (X) Personal    (    ) Domiciliary

**If no service, reason**:

Sincerely,

*Kyle C. Johnson*

*Deputy Clerk of Court*

FOOTER AREA